**FILED**
IN CLEF⋅⋅'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 2 8 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

CHRISTOPHER GORDON,

                Plaintiff,

       -against-

THE CITY OF NEW YORK; NEW YORK
CITY POLICE OFFICER CARLOS
PERALTA, SHIELD # 50640, TD BANK, ELLIOT
LOPEZ, CURTIS HERBERT, and ISSAC DUNCAN,

              Defendants.

-------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
**10 CV 5148 (CBA)(LB)**

**BLOOM, United States Magistrate Judge:**

      Plaintiff brings this *pro se* action under 42 U.S.C. § 1983 and state law alleging false arrest and malicious prosecution. Plaintiff filed an amended complaint as of right prior to any responsive pleading. The amended complaint names four new defendants: TD Bank, Elliott Lopez, Issac Duncan, and Curtis Herbert. Plaintiff now seeks the Court's assistance to serve these new defendants. Plaintiff's request is denied and it is respectfully recommended that the Court should dismiss plaintiff's amended complaint against these four defendants for the reasons set forth below.

## BACKGROUND

      On November 2, 2007, plaintiff accompanied co-worker Curtis Herbert to a branch of Commerce Bank (now known as TD Bank) on Montague Street in Brooklyn in order to collect cash for construction work that had been sub-contracted to him by Mr. Herbert. Amended Complaint, docket entry 11 at 6. The Bank detained plaintiff and Mr. Herbert for attempting to cash forged checks. Id. The checks belonged to Issac Duncan who had reported the checks as stolen from his mail. Id. at 18. A call was placed to 911 and Police Officer Carlos Peralta arrived and arrested plaintiff and Mr. Herbert. Id. at 16.

1

Plaintiff was charged with Grand Larceny in the Second Degree, Identity Theft in the First Degree, and Forgery in the Second Degree and was incarcerated until November 4, 2007, after which the charges were dropped against him for lack of evidence. Id. at 6-7. The charges against Mr. Herbert proceeded. Id. at 27-8. In March of 2008, charges were presented to the Grand Jury in plaintiff's absence and Mr. Herbert testified against plaintiff in exchange for the charges against him being dropped. Id. at 7-8, 27-8. The Grand Jury indicted plaintiff and he was rearrested on September 23, 2008. Id. at 12. On September 4, 2009, plaintiff was convicted of Grand Larceny in the Third Degree, Grand Larceny in the Second Degree, Possession of a Forged Instrument in the Second Degree and Petit Larceny. Defendants' Memorandum of Law in Support of Their Motion to Dismiss, docket entry 34 at 10 (citing plaintiff's Certificate of Disposition No. 21880).

Plaintiff alleges that his arrests on November 2, 2007 and September 23, 2008 were wrongful, and that his subsequent conviction "was based on perjured testimonies, official misconduct, deception of the Grand Jury, testimonies being given under duress, and a malicious prosecution." Docket entry 11 at 2, 4.

## PROCEDURAL HISTORY

Plaintiff commenced this *pro se* action by filing a complaint against the City of New York and Police Officer Carlos Peralta. The Court granted plaintiff *in forma pauperis* ("IFP") status under 28 U.S.C. § 1915, and directed the United States Marshals Service ("USMS") to serve the defendants. See docket entry 4. On January 28, 2011, plaintiff filed an amended complaint adding TD Bank, Elliott Lopez, Isaac Duncan, and Curtis Herbert as defendants. Docket entry 11. The Court did not issue summonses and direct the USMS to serve these defendants. On March 18, 2011, defendants City of New York and Officer Peralta notified the Court that they intended to move to dismiss plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). Docket entry 20. That motion is now fully briefed and pending decision. Docket entries 32-37. Plaintiff now seeks the Court's assistance in having defendants TD Bank, Elliott Lopez, Isaac Duncan, and Curtis Herbert served. Docket entry 30.

# LEGAL STANDARD

Plaintiff's claims against defendants TD Bank, Elliott Lopez, Isaac Duncan, and Curtis Herbert pursuant to 42 U.S.C. § 1983 should be dismissed. In order to maintain a claim under § 1983 (1) "the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. See e.g. Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) ("Our cases try to plot a line between state action subject to Fourteenth Amendment scrutiny and private conduct (however exceptionable) that is not"); Rendell-Baker v. Kohn, 457 U.S. 830, 842-43 (1982) (affirming dismissal of § 1983 claim because defendants were not state actors); Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155 (1978) (stating § 1983 reaches only deprivations of rights by persons acting under color of law); Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 173 (1972) (distinguishing private conduct from state action).

Private conduct may nevertheless be actionable under § 1983 "if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Tancredi v. Metro. Life Ins. Co., 316 F.3d 308, 312-313 (2d Cir. 2003) (citations and internal quotation marks omitted). For example, state action may be found "where the private actor operates as a willful participant in joint activity with the State or its agents." Id. at 313. However, merely alerting the police to criminal conduct is insufficient under this standard. See Valez v. City of N.Y., No. 08 Civ. 3875 (DLC), 2008 U.S. Dist. LEXIS 101709, at *9 (S.D.N.Y. Dec. 16, 2008) ("furnishing information to the police 'does not by itself make [someone] a joint participant in state action under Section 1983'") (quoting Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 272 (2d Cir. 1999)); Vazquez v. Combs, No. 04 Civ. 4189 (GEL), 2004 U.S. Dist. LEXIS 22137, at *11 (S.D.N.Y. Oct. 22, 2004) ("merely filing a complaint with the police, reporting a crime, requesting criminal investigation of a

person, or seeking a restraining order, even if the complaint or report is deliberately false, does not give rise to a claim against the complainant for a civil rights violation") (citations omitted). See also Joe v. Moe, No. 10 Civ. 4417 (RJS), 2011 U.S. Dist. LEXIS 58037, at *18-19 (S.D.N.Y. June 1, 2011) (false statements to police by defendant did not make her a willful participant in the subsequent prosecution). Moreover, "[i]t is beyond question that, when a private party gives testimony in open court in a criminal trial, that act is not performed 'under color of law.'" Briscoe v. LaHue, 460 U.S. 325, 329-30 (1983); see also Warren v. Applebaum, 526 F.Supp. 586, 587 (E.D.N.Y. 1981) ("witnesses at trial are not acting under color of state law, and as a consequence, their false testimony cannot give rise to a cause of action under Section 1983") (citations omitted).

## DISCUSSION

Plaintiff here seeks to serve defendants who are private persons, and in the case of TD Bank, a private company. These defendants were not acting under color of state law during the events underlying plaintiff's amended complaint. Nor can it be said that they were "willful participants in joint activity with the State or its agents." Plaintiff alleges that the bank and its customer service representative Mr. Lopez held him "without probable cause and furnished the Police with information" resulting in his arrest. Docket entry 11 at 26. Mr. Lopez and TD Bank merely alerted the police to criminal conduct. See Valez, 2008 U.S. Dist. LEXIS 101709 at *9; see also Adamson v. Macy's Inc., No 11-CV-1922 (NGG), 2011 U.S. Dist. LEXIS 65671, at *5 (E.D.N.Y. June 19, 2011) (allegation that "security guards alerted police and detained Plaintiff until police arrived" was "insufficient to establish a 'close nexus' between Defendants and the state that could show joint participation in state action") (citations omitted).

Other than plaintiff's conclusory statement that Mr. Duncan "played an active role in the prosecution of Plaintiff," plaintiff's allegations about Mr. Duncan, construed in the light most favorable to plaintiff, are limited to Mr. Duncan making false claims and statements to police about his checks being stolen and providing perjured testimony. Docket entry 11 at 17, 19. Plaintiff alleges that Mr. Herbert falsely testified to the Grand Jury that he was not offered a

4

"promise from the District Attorney's office, in return for his testimony that day." Id. at 3. Neither false statements to police nor false testimony is sufficient to sustain a § 1983 complaint against a private person. See Joe, 2011 U.S. Dist. LEXIS 58037, at *18-19; Rohman v. N.Y.C. Transit Auth., 215 F. 3d 208, 215 (2d Cir. 2000) (to overcome witness immunity, plaintiff must allege that defendant "played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act") (citations and internal quotation marks omitted).

Under the IFP statute, 28 U.S.C. § 1915 (e)(2)(B), the district court shall dismiss an action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Had plaintiff included the claims against TD Bank, Elliott Lopez, Isaac Duncan, and Curtis Herbert in his original complaint, the Court would have dismissed these claims under 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's amended complaint fails to state a claim on which relief may be granted with respect to defendants TD Bank, Elliott Lopez, Issac Duncan, and Curtis Herbert.

## CONCLUSION

For the reasons set forth above, the Court denies plaintiff's request to serve defendants TD Bank, Elliott Lopez, Issac Duncan, and Curtis Herbert and it is respectfully recommended that the Court should dismiss plaintiff's § 1983 claims against defendants TD Bank, Elliott Lopez, Issac Duncan, and Curtis Herbert, for failure to state a claim on which relief can be granted.

## FILING OBJECTIONS TO THE REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Any request for an extension of time in which to file objections must be made within the fourteen-day period. Failure to timely file an objection to the Report and Recommendation generally waives any further judicial review. DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000); Spence v. Superintendent, Great Meadow Corr. Fac., 219 F.3d 162, 174 (2d Cir. 2000); see also Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/Signed by Judge Lois Bloom/
_____
LOIS BLOOM
United States Magistrate Judge

Dated: July 28, 2011
       Brooklyn, New York